UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER V. BABAITSEV,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | CASE NO. 2:16-cv-00338-RSM-KLS<br><br>REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS<br><br>NOTED FOR NOVEMBER 18, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of HIS application for disability insurance benefits ("DIB"). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for DIB alleging he became disabled beginning August 15, 2007. Dkt. 6, Administrative Record ("AR"), 16, 622. His application was denied on initial administrative

REPORT AND RECOMMENDATION- 1

review and on reconsideration. AR 16, 622. At a hearing held before an Administrative Law Judge ("ALJ"), plaintiff appeared and testified, as did a vocational expert. AR 16. In a written decision, the ALJ determined that plaintiff could perform past relevant work, and therefore that he was not disabled. AR 16-22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. Plaintiff appealed to the United States District Court for the Western District of Washington, and the matter was reversed and remanded. *See* AR 680-94; *Babaitsev v. Colvin*, 2:13-cv-01275-BJR (W.D. Wash. April 25, 2014).

A second hearing was held before the same ALJ on May 21, 2015, at which plaintiff, represented by counsel, appeared and testified. AR 622. In a decision dated July 31, 2015, the ALJ determined plaintiff to be not disabled. *See* AR. 622-31. On March 7, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on May 13, 2016. *See* Dkt. 6. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings because the ALJ erred in (1) incorrectly limiting plaintiff's period of disability[1]; (2) evaluating the medical opinion evidence; (3) assessing plaintiff's severe impairments; (4) discounting plaintiff's statements and testimony regarding his disabling pain;

---

[1] Plaintiff argues that the ALJ erred in "limiting [plaintiff's] entitlement period only through the last date he was insured under the Act." *See* Dkt. 10, p. 2. However, as noted by defendant, plaintiff's application for benefits is for DIB, not supplemental security income. *See* AR 98-99. Thus, plaintiff must establish disability on or before his date last insured—the date determined by his work history—to be eligible for DIB. *See Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1460-65, 1461 n.4 (9th Cir. 1995). Here, plaintiff's date last insured was December 31, 2007. *See* AR 106. Plaintiff does not challenge calculation of his date last insured. Thus, plaintiff has failed to establish that the ALJ erred in limiting his DIB claim to the disability period between the alleged onset date of August 15, 2007 and the date last insured of December 31, 2007.

REPORT AND RECOMMENDATION- 2

and, based on the foregoing, erred in (5) formulating the RFC; and (6) finding plaintiff capable of performing past relevant work. *See* Dkt. 10, p. 2. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating plaintiff's credibility and the medical opinion evidence, and therefore erred in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision

REPORT AND RECOMMENDATION- 3

1   must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is
2   conflicting evidence sufficient to support either outcome," the Court "must affirm the decision
3   actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.
4   1971)).

5       I.   <u>The ALJ's Evaluation of Plaintiff's Credibility</u>

6         Plaintiff argues that the ALJ erred in rejecting his testimony and finding him not credible.
7   *See* Dkt. 10, pp. 13-15. If an ALJ rejects the testimony of a claimant once an underlying
8   impairment has been established, the ALJ must support the rejection "by offering specific, clear
9   and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)
10  (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). As with all of the findings by the
11  ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in
12  the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1
13  (9th Cir. 2005) (citation omitted).

14        The ALJ's determinations regarding a claimant's statements about limitations "must be
15  supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)
16  (citation omitted). In evaluating a claimant's allegations of limitations, the ALJ cannot rely on
17  general findings, but "'must specifically identify what testimony is credible and what evidence
18  undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)
19  (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick*,
20  157 F.3d at 722 (citations omitted); *Smolen*, 80 F.3d at 1284 (citation omitted). According to the
21  Ninth Circuit, "we may not take a general finding-an unspecified conflict between Claimant's
22  testimony about daily activities and her reports to doctors-and comb the administrative record to
23  find specific conflicts." *Burrell*, 775 F.3d 1133, 1138 (9th Cir. 2014) ; *see also Brown-Hunter v.*
24  *Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she

found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination, [which] was legal error").

At the January 2012 hearing, plaintiff testified that his neck pain causes "[d]ifficulty sleeping, difficulty concentrating, [and] reading." AR 35. Plaintiff acknowledged that pain medicine helps sometimes to relieve pain, but noted that it makes him drowsy and increases symptoms related to inability to concentrate. AR 35-36. Plaintiff testified that he is in college, but noted that he can only take one to two classes a week because he "cannot sit around the computer or do [his] homework or concentrate." AR 38. Plaintiff also testified that he can only sit for 30 to 40 minutes before needing to stand and change his position, and he testified that he can only walk for 15 to 20 minutes before sitting. AR 38. At the May 2015 hearing, plaintiff testified that his neck pain is worse and that he continues to have difficulty sleeping. AR 641-42.

In the ALJ's first decision, the ALJ discounted plaintiff's testimony, finding plaintiff's alleged limitations were inconsistent with his activities of daily living and the medical evidence of record. *See* AR 19. The Court determined that the ALJ erred in discounting plaintiff's credibility because of activities of daily living because "none of the activities cited by the ALJ are inconsistent with plaintiff's alleged limitations." *See Babaitsev v. Colvin*, 2:13-cv-01275-BJR, at *8 (W.D. Wash. April 25, 2014); AR 687. The Court also determined that rejecting plaintiff's complaints based upon a lack of objective medical evidence is insufficient to support an adverse credibility finding. *Id.*; *see also* AR 688.

In the ALJ's second opinion, the ALJ again determined that plaintiff's impairments "could reasonably be expected to cause the alleged symptoms" but that his "statements concerning the debilitating intensity, persistence, and limiting effects of these symptoms are not entirely credible." AR 626. The ALJ appears to have based his determination on (1) plaintiff's alleged inconsistent statements at the hearing compared with statements to treatment providers,

*see* AR 626-27; (2) plaintiff's reluctance to obtain surgery after the date last insured, *see* AR 627, and (3) the medical records as a whole, which the ALJ noted "did not prevent [plaintiff's] performance of light work activity prior to his alleged onset date", *see* AR 626. The Court finds the ALJ failed to provide a clear and convincing reason supported by substantial evidence to discount plaintiff's allegations of disabling limitations and pain.

  First, the ALJ discounted plaintiff's credibility by finding that plaintiff made inconsistent statements at the first hearing about his symptoms when compared to his statements to providers. *See* AR 626-27. The ALJ may consider "ordinary techniques of credibility evaluation," such as prior inconsistent statements concerning symptoms and other testimony that "appears less than candid." *Smolen*, 80 F.3d at 1284. However, to discount a claimant's testimony, an ALJ "must state *which* [such] testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) (emphasis added); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

  None of the ALJ's examples identify *which* testimony is not credible and *why* plaintiff's testimony is not credible based upon the alleged inconsistency. For example, the ALJ discounted plaintiff's credibility by finding that plaintiff gave an inconsistent answer regarding loss of consciousness following his motor vehicle accident. When asked by the ALJ whether he lost consciousness following a car accident, plaintiff responded "Yes (inaudible)." AR 35. The transcript does not reveal what followed plaintiff's "yes" answer. The ALJ noted that plaintiff denied loss of consciousness following the accident, *see* AR 626, and used this inconsistency to discount plaintiff's testimony. However, the ALJ does not explain what testimony is undermined by the alleged inconsistency, nor does the Court find that an alleged inconsistent statement regarding loss of consciousness undermines all of plaintiff's allegations regarding his pain, ability to sleep, and ability to sit or stand. Similarly, the ALJ noted that "[d]uring medical care in

REPORT AND RECOMMENDATION- 6

1 | October 2007, contrary to his hearing testimony from January 2012, the claimant denied having
2 | any areas of numbness or weakness." AR 626. However, plaintiff's testimony was more
3 | qualified than suggested by the ALJ. At the January 2012 hearing, plaintiff testified that his legs
4 | were "*lately* starting to be numb when if [sic] I'm sitting." AR 39 (emphasis added). Indeed,
5 | plaintiff did not testify regarding numbness in his legs following the motor vehicle accident, only
6 | numbness *lately*. And, at the visit cited by the ALJ, plaintiff actually reported having areas of
7 | numbness "on the top of his foot and dorsal aspect." *See* AR 342. Thus, there appears to be no
8 | inconsistency at all regarding plaintiff's reports of numbness and plaintiff's reports of other
9 | symptoms. The ALJ also noted that plaintiff reported being "active." *See* AR 627 *citing* AR 307.
10 | The medical records cited by the ALJ note that plaintiff has reported an increased quality of life
11 | due to narcotics that "allowed him to be active." AR 307. The Court finds that the medical record
12 | is ambiguous as to what constitutes "being active," and the Court cannot determine what the
13 | doctor meant by the statement and whether the doctor's statement undermines plaintiff's
14 | allegations of symptoms. But, regardless, the ALJ failed to identify what specific testimony was
15 | credible or not, and none of the evidence cited by the ALJ undermines the claimant's complaints
16 | of pain, lack of sleep, and lack of concentration. *See Greger*, 464 F.3d at 972.
17 |     Second, the ALJ rejected plaintiff's testimony because "his lack of interest in surgical
18 | options for his spinal impairments" was inconsistent with the alleged severity of his symptoms.
19 | AR 627. Failure to assert a good reason for not seeking, or following a prescribed course of,
20 | treatment, or a finding that a proffered reason is not believable, "can cast doubt on the sincerity
21 | of the claimant's pain testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However,
22 | the Ninth Circuit has held that it is improper to discount credibility on the basis of failure to
23 | pursue treatment, when the claimant "has a good reason for not" doing so. *Carmickle v.*
24 | *Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The ALJ cites to a

treatment record wherein a doctor notes he "discussed maybe getting a surgical opinion [with plaintiff] but he does not want to do that, and in reality his pain is very intermittent so it is unlikely he really needs that." AR 314. The ALJ has failed to point to any treatment plaintiff refused to follow. Rather, the treatment record indicates that plaintiff and the doctor discussed the option and that the doctor actually concluded that plaintiff likely does not need surgery. AR 314. Thus, the second reason the ALJ gave to discount plaintiff's credibility is not supported by substantial evidence.

Third, the ALJ discounted plaintiff's allegations based on the record as a whole. *See* AR 626. As this Court previously noted, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell*, 947 F.2d 345; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting a claimant's subjective testimony cannot be rejected "on the sole ground that it is not fully corroborated by objective medical evidence[.]"); *see also Babaitsev v. Colvin*, 2:13-cv-01275-BJR, at *8-9 (W.D. Wash. April 25, 2014); AR 687-88. Although the ALJ outlined his assessment of the medical records and why he believed the objective medical evidence does not support plaintiff's subjective complaints, *see* AR 626-27, this reason alone is insufficient to support the ALJ's adverse credibility finding, even assuming the medical evidence does not fully corroborate plaintiff's alleged limitations due to pain. Thus, none of the reasons offered by the ALJ to discount plaintiff's credibility are clear and convincing or supported by substantial evidence.

II. The ALJ's Evaluation of the Medical Evidence

Plaintiff also maintains the ALJ erred in evaluating the medical opinion evidence. *See* Dkt. 10, pp. 11-13. The ALJ is responsible for determining credibility and resolving ambiguities

and conflicts in the medical evidence. *See Reddick*, 157 F.3d at 722. Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan*, 169 F.3d at 601. Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830. Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

1   not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and
2   inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of*
3   *Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d
4   947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An
5   examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining
6   physician." *Lester*, 81 F.3d at 830–31. A non-examining physician's opinion may constitute
7   substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at
8   830-31; *Tonapetyan*, 242 F.3d at 1149.

9         A.  *Alan Brown, M.D., Tatyana Kutsy, M.D., and Charles Chabal, M.D.*

10   Plaintiff maintains the ALJ erred in his treatment of Drs. Brown's, Kutsy's, and Chabal's
11   medical opinions. *See* Dkt. 10, pp. 11-12. Defendant argues that this Court has already affirmed
12   the ALJ's consideration of these doctors' medical opinions and the matter is *res judicata*, thus
13   prohibiting the Court from reviewing these opinions on remand. *See* Dkt. 14, p. 3. The ALJ
14   similarly noted in his decision that this Court "affirmed the prior decision's consideration of
15   opinions by physicians Dr. Brown, Dr. Kutsy, and Dr. Chabal" and therefore did not revisit his
16   assessment of those opinions. AR 628.

17   The law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825
18   F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from
19   revisiting issues which have been decided—either explicitly or implicitly—in a previous
20   decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067
21   (9th Cir. 2012); *see also Linkswiler v. Colvin*, No. 3:16-CV-05158-DWC, 2016 WL 5817055, at
22   *4 (W.D. Wash. Oct. 5, 2016). The Court finds that the prior decision addressing the medical
23   opinions of Drs. Brown, Kutsy, and Chabal was more qualified than identified by the ALJ and
24   defendant. The Court did not make a blanket determination that the ALJ did not err in his

treatment of these doctors' medical opinions. Rather, with respect to Dr. Brown, the Court found that based upon plaintiff's arguments, plaintiff had not established error in the ALJ's consideration of Dr. Brown's treatment notes. AR 692. Similarly, with respect to Drs. Kutsy and Chabal, the Court also found that plaintiff had not show that the ALJ erred in his consideration of their medical opinions. *See* AR 692-93. Thus, the Court simply found that plaintiff had established no error. Nevertheless, the Court finds that plaintiff has not raised any new issues for the Court to consider, and the Court is precluded from reconsidering those same arguments already raised and considered by the Court in the prior action. *Compare* Dkt. 10, pp. 12013 *with* AR 692-93; *see also Stacy*, 825 F.3d at 567.

      B.  *Igor Uritskiy, M.D., Mikhail Mavoski, M.D., and Jacqueline Farwell, M.D.*

Plaintiff also challenges the ALJ's treatment of Drs. Uritskiy's, Makovsky's, and Farwell's medical opinions. Dkt. 10, p. 13. Plaintiff has included only one argument for these doctors, averring that the ALJ "disregards" their medical opinions and "simply states that he 'gives greater weight to another medical assessment.'"[2] *Id.* citing AR 628-30. In assessing the doctors' medical opinions, the ALJ noted that he gives "greater weight to another physical assessment from a more qualified source, which is consistent with the claimant's objective evidence of record through the DLI [date last insured]." AR 628-30. However, the ALJ never identifies which medical assessment he is giving greater weight to. Thus, without an adequate explanation, the Court cannot determine if the ALJ's reasoning is specific and legitimate and supported by substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when she rejects a medical opinion or assigns it little weight when asserting

---

[2] Plaintiff has not made any additional arguments or offered any additional analysis regarding these doctors. To the extent plaintiff intended to make additional arguments by noting the ALJ improperly disregarded the doctors' medical opinions, the Court declines to address the arguments because plaintiff's assertion is not argued with any specificity. *See, e.g.*, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments.

1  without explanation another medical opinion is more persuasive). Thus, upon remand, the ALJ
2  shall re-evaluate the medical opinions of Drs. Uritskiy, Makovsky, and Farwell.
3      III. <u>The ALJ's Evaluation of the Lay Witness Evidence</u>
4      Plaintiff also challenges the ALJ's treatment of Dr. Josh Oncken's lay opinion. *See* Dkt.
5  10, pp. 11-13. Dr. Oncken is a chiropractor, not a medical doctor. Therefore, pursuant to the
6  relevant federal regulations, Dr. Oncken is a lay witness, or "other source", whose opinion
7  should be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613
8  F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling
9  "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. In determining whether or not "a
10 claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability
11 to work." *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir.
12 2006) (citation omitted); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)). An ALJ
13 may disregard lay opinion evidence "if the ALJ 'gives reasons germane to each witness for doing
14 so.'" *Turner*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see*
15 *also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).
16     Plaintiff's argument is again limited to one assertion, arguing that the ALJ erred in noting
17 that he "gives greater weight to another medical assessment" without referencing what other
18 medical assessment he was giving greater weight to. *See* Dkt. 10, p. 13. Here, the ALJ
19 discounted Dr. Oncken's medical opinion and noted that he "give[s] greater weight to another
20 physical assessment, which is consistent with the claimant's objective evidence of record"
21 through the date last insured. AR 629-30. The ALJ failed to identify what opinion he was giving
22 greater weight. *See* AR 629. Thus, for the same reason the ALJ erred in his treatment of the
23 medical opinion evidence, the ALJ failed to provide a germane reason for discounting Dr.
24

REPORT AND RECOMMENDATION- 12

Oncken's lay opinion. *See*, *e.g.*, *Garrison*, 759 F.3d at 1012-13. Thus, upon remand, the ALJ shall reevaluate the opinion of Dr. Oncken.

IV. <u>This Matter Should Be Remanded for Further Administrative Proceedings</u>

Plaintiff argues that this matter should be reversed for an award of benefits given the ALJ's errors in this matter. Dkt. 10, p. 18. The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record and an assessment of plaintiff's allegations of disabling limitations, remand for further consideration of these issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

1 improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

2 well that the Court reverse the decision to deny benefits and remand this matter for further

3 administrative proceedings in accordance with the findings contained herein.

4     Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

5 72(b), the parties shall have **fourteen (14) days** from service of this Report and

6 Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file

7 objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

8 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

9 is directed set this matter for consideration on **November 18, 2016**, as noted in the caption.

10     DATED this 2nd day of November, 2016.

          Karen L. Strombom
          United States Magistrate Judge